IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| DAVID DUNCAN and ELLEN WINTER, <br><br> Plaintiffs, <br><br> vs. <br><br> SEARS, ROEBUCK AND CO.; CORE DISTRIBUTION, INC., and JOHN DOES 2 through 10, <br><br> Defendants. | CV-11-54-BU-DLC-CSO <br><br> **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiffs David Duncan ("Duncan") and Ellen Winter (collectively "Plaintiffs") claim that Duncan was injured when a section of the ladder he was climbing collapsed causing him to fall. *First Am. Cmplt. (DKT 4) at ¶¶ 7 and 8.* Defendant Sears, Roebuck and Company ("Sears") sold the ladder to Duncan. *Id. at ¶ 6.* Defendant Core Distribution, Inc. ("Core") manufactured the ladder. *Id. at ¶ 3.* Plaintiffs assert claims against Sears and Core for product liability and breach of the warranty of merchantability. *Id. at ¶¶ 11-21.* They seek compensatory and punitive damages, and attorneys' fees and costs. *Id. at 6-7.*

Now pending is Sears' motion for summary judgment on Plaintiffs' breach of warranty claim. *DKT 37*. Core joins in Sears' motion. *DKT 40*. Having reviewed the parties' arguments, the Court enters the findings and recommendation discussed below.

I. **BACKGROUND**

The following facts are from Plaintiffs' First Amended Complaint (*DKT 4*), Sears' Statement of Undisputed Facts (*DKT 39*), and Plaintiffs' Statement of Genuine Issues (*DKT 46*). Unless otherwise indicated, the facts are undisputed.

Duncan was a self-employed building contractor. On October 27, 2006, he ordered a telescoping ladder from Sears. Duncan believes the ladder was delivered to him no more than one month after he ordered it. He used the ladder solely while bidding jobs and did not use it as a work ladder. Duncan believes he used the ladder more than 25 times before the incident giving rise to this action.

On September 17, 2010, Duncan was using the ladder while examining a roof to offer a bid for a possible job in Bozeman, Montana. Duncan fell while climbing the ladder. Plaintiffs allege that Duncan

fell and was injured when, "[u]pon reaching the top of the ladder, a section of the ladder unexpectedly collapsed[.]" *DKT 4 at ¶ 7*. Sears and Core deny this allegation. *Sears' First Am. Answer (DKT 21) at ¶ 7; Core's Answer (DKT 7) at ¶ 7*.

On March 31, 2011, Plaintiffs filed this action against Sears in Montana state court. *DKT 4-1 at 1*. On July 20, 2011, Plaintiffs amended their complaint adding Core as a defendant. *Id.*; see also *DKT 4*. In addition to asserting a products liability claim, Plaintiffs allege Sears and Core "impliedly warranted the ladder to be merchantable and reasonably fit and suitable for its intended use." *Id. at ¶ 18*. They further allege that Sears and Core "breached the warranty of merchantability when they designed, manufactured, assembled, tested, distributed, sold and failed to recall and/or retrofit the ladder at issue here, creating a defective and unreasonably dangerous ladder without adequate warnings." *Id. at ¶ 19*. Duncan testified in his deposition that he remembers no paper warranty with the ladder. He also never attempted to make a warranty claim with either Sears or Core before filing this lawsuit.

On September 7, 2011, Core removed the action invoking this Court's diversity jurisdiction. *Notice of Removal (DKT 1) at ¶¶ 6 and 7.* On May 2, 2012, Sears filed its summary judgment motion directed solely at Plaintiffs' breach of warranty claim. *DKT 37.* On May 7, 2012, Core joined in Sears' motion. *DKT 40.*

## II.  PARTIES' ARGUMENTS

Sears argues that Plaintiffs' breach of the warranty of merchantability claim is barred by the applicable statute of limitations. *Sears' Br. (DKT 38) at 4.* Sears relies on MCA § 30-2-725(1)-(2) in arguing that all warranty claims relating to sales of goods are subject to a four-year limitations period. Because Duncan received the ladder that he bought from Sears within a month of the October 27, 2006 date that he ordered it online, Sears argues, Plaintiffs exceeded the four-year limitations period for breach of warranty claims when they filed this action on March 31, 2011. *Id. at 5-7.*

In response, Plaintiffs argue that the three-year limitations period for tort claims applies "because the claim stems from a products liability action and thus 'sound[s] in tort.'" *Pltfs' Resp. Br. (DKT 45) at*

-4-

*2* (quoting *Gomez v. State*, 975 P.2d 1258, 1260 (Mont. 1999)). They argue that "the damages sought here are related to personal injuries rather than the type of contractual damages sought" in cases upon which Sears relies. *Id. at 3*. Plaintiffs argue that, because they filed this action less than seven months after Duncan was injured when he fell from the ladder, their claim for breach of the implied warranty of merchantability is timely and the Court should deny Sears' summary judgment motion. *Id. at 3*.

In reply, Sears first argues that Plaintiffs have raised no fact issue that would preclude summary judgment on this breach of warranty claim. *Sears' Reply Br. (DKT 85) at 1-2*. Sears argues that Plaintiffs' reliance on *Gomez* is misplaced because it is "factually and legally distinguishable." *Id. at 2-4*. In this case, Sears argues, Plaintiffs' breach of warranty claim is not dependent upon their products liability claim, but rather is independent of it. The warranty claim, Sears argues, stems from the sale of the ladder to Duncan, thus involving the sale of goods and subjecting the claim to the four-year limitations period for breach of warranty claims. *Id. at 4-6*.

## III. APPLICABLE LAW

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

### B. Application of Montana Law

Jurisdiction is based on diversity of citizenship. *DKT 1 at ¶¶ 3-7*. The Court thus applies the substantive law of Montana, the forum

state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (citing *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996)). "[P]ronouncements of the state's highest court on applicable state law" are binding on federal courts. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 778 (9th Cir. 2003) (quoting *Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)).

When a state's highest court has not decided an issue, a federal court is required to "make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies*, Inc., 306 F.3d 806, 812 (9th Cir. 2002) (citations omitted). The federal court must "look to existing state law without predicting potential changes in that law. *Ticknor*, 265 F.3d at 939 (citation omitted). A federal court also should look for guidance to persuasive authorities, such as decisions from other jurisdictions and treatises. *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996).

## IV. DISCUSSION

As set forth in the undisputed facts detailed above: (1) Duncan received the ladder no later than November 27, 2006 – that is, no more than one month after he ordered it; (2) Duncan was injured when he fell from the ladder on September 17, 2010; and (3) Plaintiffs filed this action on March 31, 2011. For purposes of Sears' summary judgment motion, the Court first must determine how to characterize Plaintiffs' cause of action for breach of the implied warranty of merchantability. This initial determination will dictate the appropriate limitations period and how it is to be applied.

If deemed a claim for breach of warranty under Montana's Uniform Commercial Code – Sales ("UCC – Sales"), under MCA § 30-2-725, Plaintiffs' claim accrued when "tender of delivery [wa]s made" and a four-year limitations period applies. Because Duncan received the ladder more than four years before Plaintiffs filed this action, their breach of warranty claim would be time-barred.

On the other hand, if the Court deems Plaintiffs' breach of warranty claim to be a tort claim, it would not be time-barred. Such

claims accrue when all elements exist or have occurred. MCA § 27-2-102(1)(a). Thus, their claim would have accrued on September 17, 2010, when Duncan fell and was injured. Because Plaintiffs filed this action on March 31, 2011, the claim would be timely under MCA § 27-2-204, which provides a three-year limitations period for tort actions.

When determining the applicable statute of limitations, Courts applying Montana law "look to the substance of the complaint." *Johnson Farms, Inc. v. Halland*, ___ P.3d ___, 2012 WL 4501639, ¶ 19 (Mont., Oct. 2, 2012) (citing *Action Enters. by & Through Lindeman v. McCalla*, 855 P.2d 111, 113 (Mont. 1993) and *Weible v. Ronan State Bank*, 776 P.2d 837, 838 (Mont. 1989)).[1] In *Johnson Farms*, the Montana Supreme Court provided the following guidance for courts determining whether claims sound in tort or contract:

> " 'If the gravamen of the action rests strictly on tort theories, the statute of limitations pertaining to torts will apply.' " *Action Enters.*, 855 P.2d at 113 (quoting *Weible*, 776 P.2d at

---

[1] The Court is mindful that the Montana Supreme Court only recently decided *Johnson Farms,* warning that the "opinion has not been released for publication in the permanent law reports [and,] [u]ntil released, it is subject to revision or withdrawal." 2012 WL 4501639 (emphasis omitted). Nevertheless, it appears that *Johnson Farms* accurately reflects Montana law on the issues addressed herein.

> 838). Likewise, if the gravamen rests strictly on contract theories, the statute of limitations pertaining to contracts will apply. *Weible*, 776 P.2d at 838. The contract statute of limitations applies only if the alleged breach of a specific provision in a contract provides the basis of the plaintiff's claims. *Tin Cup County Water v. Garden City Plumbing & Heating, Inc.,* 200 P.3d 60, ¶ 26 (Mont. 2008). On the other hand, if the plaintiff claims breach of a legal duty imposed by law that arises during the performance of a contract, the action sounds in tort and the tort statute of limitations will apply. *Tin Cup*, ¶ 26 (citing *Northern Montana Hosp. v. Knight*, 811 P.2d 1276, 1278–79 (Mont. 1991)).

*Id*. *See also Gomez v. State*, 975 P.2d 1258, 1260 (1999) (wherein the court noted the parties' agreement that a cause of action for breach of implied warranties sounded in tort, and citing cases).

The supreme court in *Johnson Farms* also noted the limits that it imposed in *Tin Cup* on a plaintiff's leeway to choose whether to characterize a cause of action as sounding in tort or contract in a given situation. The supreme court noted that it

> reiterated [in *Tin Cup*] that a plaintiff simply may not choose which theory to pursue in any situation; there is a choice between a tort and contract cause of action "only where the substance of the complaint and the nature of the action give them the right to choose."

*Id*. at ¶ 20 (quoting *Tin Cup*, 200 P.3d at ¶ 30).

Applying the foregoing authority, the Court concludes here that

Plaintiffs' claims sound in tort. Their breach of warranty claim, therefore, is subject to the limitations period for tort claims. Because they filed it well within the applicable limitations period, the claim is timely and Defendants' summary judgment motion should be denied.

First, as noted, Plaintiffs assert two claims – one for product liability and one for breach of the implied warranty of merchantability. Both turn on whether the ladder from which Duncan fell and was injured was "defective and unreasonably dangerous." *DKT 4 at ¶¶ 14 and 19*. Both claims focus on the injuries Plaintiffs sustained from Duncan's use of the ladder. *Id. at ¶¶ 8-10, 13, and 21*. And neither claim alleges breach of contract or seeks contractual damages for the ladder's alleged failure to perform as expected. Thus, "the gravamen of the action rests strictly on tort theories[.]" *Johnson Farms*, 2012 WL 4501639, ¶ 19 (citations omitted).

Second, Plaintiffs claim "breach of a legal duty imposed by law that arises during the performance of a contract[.]" *Id.* (citations omitted). Plaintiffs' claims assert that Defendants failed in their duty to ensure that the ladder was safe to users. Such claims sound in tort

and the statute of limitations for tort claims applies. *Id.* (citations omitted).

The Court's conclusion here is bolstered by decisions from other jurisdictions that have considered the issue. In *Davidson Lumber Sales, Inc. v. Benneville Investment, Inc.*, 794 P.2d 11, 15-16 (Utah 1990), the Supreme Court of Utah surveyed cases respecting whether the UCC – Sales statute of limitations applies to actions for personal injuries and damages to property arising from a defective product. The Utah court observed that courts have taken three different positions: (1) those concluding that the UCC – Sales limitations period applies to "all actions for breach of warrant[y], regardless of whether the plaintiff seeks personal injury damages or economic and contractual damages[,]" *id. at 16* (citing *Wieser v. Firestone Tire & Rubber Co.*, 596 F.Supp. 1473, 1475 (D.Colo. 1984); *Reid v. Volkswagen of America, Inc.*, 512 F.2d 1294, 1297 (6th Cir. 1975); and *Johnson v. Hockessin Tractor, Inc.*, 420 A.2d 154, 157 (Del. 1980)); (2) those courts concluding that the type of damages sought inform what limitations period applies such that personal injury damages or tortious injury to personal property are

governed by non-UCC limitations periods, *id.* (citing *Maynard v. General Elec. Co.*, 486 F.2d 538 (4th Cir. 1973); *Natale v. Upjohn Co.*, 356 F.2d 590 (3d Cir. 1966); *Grey v. Bradford-White Corp.*, 581 F.Supp. 725 (D. Kan. 1984); *Becker v. Volkswagen of America, Inc.*, 52 Cal.App.3d 794, 125 Cal.Rptr. 326 (1975); *Wilbur Waggoner Equip. v. Clark Equip.*, 668 S.W.2d 601 (Mo.Ct.App. 1984); *Heavner v. Uniroyal, Inc.*, 305 A.2d 412 (N.J. 1973)); and (3) those courts concluding that the UCC – Sales limitations period applies only when the parties are in privity, *id.* (citing *United States Fidelity & Guar. Co. v. Truck & Concrete Equip. Co.*, 21 Ohio St.2d 244, 257 N.E.2d 380 (1970); *Plouffe v. Goodyear Tire & Rubber Co.*, 373 A.2d 492 (R.I. 1977)).

The Utah court determined that its "view [on the issue] is ... similar to the second view stated above[ ]" noting that: (1) the nature of the action and not pleading labels chosen by the parties should determine whether the UCC – Sales limitations period applies to breach of warranty claims, *id. at 14*; (2) the historical underpinnings for warranty claims originated in tort law and "developed outside the confines of the U.C.C.[,]" so that such claims traditionally sounded in

tort, *id. at 14-15*; and (3) the UCC – Sales limitations period "was always intended to have an application consistent with the overall purposes and objectives of the U.C.C. ... [and] is plainly focused on economic and contractual damages[ ]" rather than those for personal injury, *id. at 16-17*. The Utah court concluded that, "[i]n short, [the UCC – Sales limitations period] was not intended to govern tort actions for injuries to persons or to personal property, and this is so even though a U.C.C. warranty action may now be maintained for personal injury, independent of a contract of sale[.]" *Id. at 17* (citing UCC § 2-318). The Court finds this reasoning persuasive. *See also* Am. L. Prod. Liab. 3d §§ 47:17, 47:22 (updated Aug. 2012).

For the foregoing reasons, the Court concludes that Plaintiffs' claim for breach of the implied warranty of merchantability sounds in tort. As such, it is subject to the three-year limitations period set forth in MCA § 27-2-204. Because, as noted above, Plaintiffs initiated this action less than three years after all elements occurred, see MCA § 27-2-102(1)(a), their breach of warranty claim is timely and Sears' summary judgment motion fails.

## V. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Sears' motion for summary judgment on Duncan's breach of warranty claim (*DKT 37*) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 31st day of October, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge