
**FILED**

DEC 17 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| DAVID DUNCAN and ELLEN WINTER, | ) ) ) | CV 11-54-BU-DLC-CSO |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| SEARS, ROEBUCK AND CO.; CORE DISTRIBUTION, INC.; and JOHN DOES 2 through 10, | ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Sears, Roebuck and Co. filed a motion for summary judgment on Plaintiffs' breach of warranty claim (doc. 37) which is pending in this matter. United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation on October 31, 2012, recommending denial of Sears' motion for summary judgment. Defendant Sears did not timely object to the Findings and Recommendation, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for

clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

On May 2, 2012, Sears filed its summary judgment motion directed solely at Plaintiffs' breach of warranty claim. Sears argued Plaintiffs' breach of the warranty of merchantability claim is barred by the four-year statute of limitations under Montana's Uniform Commercial Code – Sales because the claim accrues when delivery was made. Mont. Code Ann. § 30-2-725. Plaintiffs responded that the three-year limitations period for tort claims applies "because the claim stems from a products liability action and thus 'sound[s] in tort.' " (Doc. 45 at 2.) Judge Ostby concluded that Plaintiffs' claims sound in tort and the breach of warranty claim is subject to Montana's three-year limitations period for tort claims. The claim is not barred because all elements of the tort did not occur until September 17, 2010, when Plaintiff was injured. After a review of Judge Ostby's Findings and Recommendation, I find no clear error. Accordingly,

IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendation (doc. 86) are adopted in full. Sears' motion for summary judgment on Duncan's breach of warranty claim (doc. 37) is DENIED.

Dated this 17th day of December, 2012.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court